IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ROY JACK WILLIAMS,                )
                                  )
        Plaintiff,                )
                                  )
v.                                )   Case No. CIV-13-828-D
                                  )
ALLSTATE FIRE AND CASUALTY        )
INSURANCE COMPANY,                )
                                  )
        Defendant.                )

## **O R D E R**

This matter came before the Court for hearing on April 1, 2015, regarding numerous motions involving discovery disputes. Counsel for the parties met and conferred in chambers prior to the scheduled hearing, but were unable to resolve any issues by agreement. The Court proceeded to hear oral argument regarding the following motions: Plaintiff's Motion to Compel Documents from Defendant [Doc. No. 54]; the Motion to Quash Defendant's Subpoena Duces Tecum Served Upon Cunningham & Mears, P.C. [Doc. No. 76]; Plaintiff's Motion to Strike and/or Place Certain Filings Under Seal [Doc. No. 80]; and Defendant's Motion to Compel Production of Documents and Compel Deposition of Corporate Representative [Doc. No. 81]. The Court now makes its ruling on the issues presented.

As an initial matter, the Court notes that multiple attorneys appeared for Plaintiff at the hearing, but lead counsel did not appear, contrary to the Order for Hearing [Doc. No. 78].[1] Further, the attorney who presented argument in support of Plaintiff's Motion to

---

[1] In fact, neither of the attorneys who filed Plaintiff's Motion to Compel appeared at the hearing.

Compel was unfamiliar with the case and ill-prepared to assist in resolving the issues raised by the Motion. The Court proceeded with the hearing only because defense counsel stated that the presence of Plaintiff's lead counsel probably would not have promoted a cooperative resolution of the issues. Future failures of Plaintiff's counsel to comply with the Court's directions will not be tolerated.

## Factual Background

This bad faith insurance case concerns med-pay coverage benefits of $25,000 that Plaintiff was entitled to receive under his automobile insurance policy with Defendant. Plaintiff was injured in a January 2011 automobile accident in Texas while riding as a passenger in a vehicle driven by Bruce Stout; the accident was allegedly caused by the negligence of another driver. Plaintiff claims Defendant unreasonably delayed payment and then imposed unreasonable demands, such as an independent medical exam, peer review of his medical records, and proof that other insurance coverage had been exhausted, even though there was no other coverage. Defendant contends the delay was caused by Plaintiff's personal injury lawyer, Ryan Cunningham, who instructed the adjuster not to pay medical providers until the case against the other driver was resolved. Plaintiff's claim against the tortfeasor was the subject of litigation in Texas, and the case was referred to a Texas attorney, Chad Cable. Defendant, through counsel, paid Plaintiff the full amount of his med-pay claim in September 2013.

**Plaintiff's Motion to Compel**

Plaintiff asks that two general types of documents be produced: 1) "complete personnel files" of three employees of Defendant who were involved in adjusting his insurance claim; and 2) various documents relating to Defendant's standards or performance criteria for adjusting med-pay claims, which Plaintiff requested in connection with a Rule 30(b)(6) deposition notice.

Defendant makes two general arguments in response to Plaintiff's Motion that warrant brief discussion. First, the Court rejects Defendant's position that the adjusters' training and performance are irrelevant because Plaintiff's med-pay claim was not handled in Defendant's usual manner but as directed by Plaintiff's attorney. Without intimating any view of the merits, the Court finds that this argument disregards Plaintiff's allegations and attempts to cabin discovery by Defendant's view of the case. Second, Defendant's "proportionality" argument is governed by Rule 26(b)(2), which authorizes a district court to limit discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). The Court finds this argument to be well-taken, and it will be kept in mind in ruling on particular issues.

1.     **Personnel Files**

Plaintiff's request for adjusters' personnel files specifically asks for employment applications, annual performance evaluations, educational and internal training records,

records of promotions or demotions, and letters of commendation or complaint. Defendant contends this request is overly broad, seeks documents that are private and confidential, and exceeds the scope of authorized discovery. Defendant has produced only one performance review for each adjuster that was completed for 2011 (except a prior year's review was provided for one employee). Plaintiff proposes to limit the request to a five-year period.

The Court agrees with Defendant that, due to the personal and sensitive information often contained in employees' personnel files, it would be unwise to order their wholesale production, even when they are produced subject to a protective order. Plaintiff is correct, however, that some information contained in personnel files, such as records reflecting an employee's education, training, and job performance, is relevant to his bad faith claim. Notably, Defendant has already produced some job performance reviews, and its attorney's only explanation for not producing more was an alleged lack of cooperation by Plaintiff's counsel in formulating reasonable limits on the production to be made. The Court finds that Plaintiff should receive performance reviews for 2012 and 2013 (years during which Plaintiff's med-pay claim was pending), if any were done, and that Plaintiff should receive records from the adjusters' personnel files that show their job qualifications, education, and training with regard to claims handling. Documents regarding these subjects shall be produced in the manner provided by the Protective Order entered August 29, 2014. The Court finds that Plaintiff has failed to justify production of the adjusters' pay information, disciplinary records, or other personal matters.

**2.     Documents Relating to Claims-Handling Standards and Performance Criteria**

Plaintiff's Motion concerns thirteen items listed in a schedule of documents to be produced at a corporate representative's deposition; most refer to reports or records of "Med-Pay Central Birmingham," which is a regional office that adjusts claims for 32 states. Defendant states that during the past five years, this office had more than 150 adjusters. Defendant has provided a chart that lists the documents it produced in response to each request and describes the limitations it used when producing responsive documents. *See* Def.'s Resp. Br., Ex. 8 [Doc. No. 65-8]. The chart shows that Defendant applied case-specific limits (adjusters involved with Plaintiff's claim), time limits, or Oklahoma-specific limits in making its production. The Court finds these limits to be reasonable and appropriate. No further production will be ordered concerning the items for which Defendant has already produced documents.

Defendant objects, however, to producing documents regarding three items. Item No. 3 requests time frames communicated to med-pay adjusters for regulatory compliance purposes. Defendant contends this request is vague, ambiguous, and overly broad, and seeks documents that are proprietary and constitute business secrets. Item No. 9 requests a list of operational reports that can be run and the identities or job positions of employees responsible for running the reports. Defendant makes the same objection to this item, and asserts that the request impermissibly seeks information in interrogatory form. The Court finds these objections are not well-taken, except to the extent Plaintiff's requests constitutes an interrogatory. Item No. 3 seeks documents that an employee of Defendant,

5

Dana Maness, described in her deposition testimony. Defendant's proprietary concerns can be satisfied by producing the documents subject to the Protective Order. As to Item No. 9, if lists of available operational reports and responsible employees exists, they should be produced. Defendant's concern about over-breadth can be satisfied by applying the same parameters that it utilized when responding to other requests.

Item No. 13 requests emails, memos, and bulletins provided to med-pay adjusters in the Birmingham office between January 1, 2010, and December 31, 2014, containing the terms "cost containment" or "medical management." Defendant makes the same objection regarding this request that it made to the others, and says that any response would cause undue burden and expense. Defendant has provided an affidavit of an employee stating that 535 hours of technician time at an hourly rate of $79.00 and a cost of more than $42,000 would be required to electronically locate documents with the quoted terms. This conclusory statement provides no factual context to show how the employee arrived at these numbers. The Court agrees with Plaintiff that the affidavit provides an insufficient factual basis to support Defendant's undue-burden argument. However, the Court finds that Plaintiff's request is over-broad as to time and should be limited to the time period that Plaintiff's med-pay claim was pending. If appropriate, Defendant may also limit its response to Oklahoma or adjusters involved with Plaintiff's claim. So limited, the Court finds that the request is reasonable and specific, and that Defendant should be required to produce responsive documents.

**Motion to Quash and Defendant's Motion to Compel**

The law firm that represented Plaintiff for his personal injury case, Cunningham & Mears, P.C. ("CM"), seeks to quash Defendant's subpoena duces tecum, and Defendant seeks to enforce its subpoena for production of the law firm's file and records regarding the case. The issue presented is a claim of privilege with respect to attorney-client communications and attorney work product. CM asserts it has produced all nonprivileged documents and a privilege log, and Defendant is seeking a "real time" review of CM's file through the deposition of a firm representative regarding the documents withheld. Defendant seeks all documents withheld from production, and it proposes to depose a representative of CM regarding efforts to locate responsive documents. Although Mr. Cunningham, the CM attorney who represented Plaintiff, testified in his deposition that the entire file had been provided to Plaintiff's current counsel, CM concedes that some documents and recordings were inadvertently overlooked.

Upon consideration of the claim of privilege under the unique circumstances of this case, the Court finds that Plaintiff has waived the attorney-client privilege and work-product protection with respect to CM's representation of him. The Tenth Circuit recently examined Oklahoma law regarding an "at issue" waiver of attorney-client privilege and predicted that Oklahoma courts would apply a version of the *Hearn*[2] test. *See Seneca Ins. Co. v. Western Claims, Inc.*, 774 F.3d 1272, 1276 (10th Cir. 2014) (citing *Gilson v. State*, 8 P.3d 883, 909 (Okla. Crim. App. 2000)). Under this test, a waiver occurs when three requirements are met:

---

[2] *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975).

> (1) assertion of the privilege was the result of some affirmative act, such as filing suit, by the asserting party;
>
> (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and
>
> (3) application of the privilege would have denied the opposing party access to information vital to its defense.

*Seneca*, 774 F.3d at 1276 (internal quotations omitted).

In this case, Plaintiff has taken affirmative steps in filing this litigation and asserting a claim that makes the substance of Mr. Cunningham's advice relevant to the case. Plaintiff has squarely placed at issue Mr. Cunningham's handling of his med-pay claim and his personal injury case. Both Plaintiff and Mr. Cunningham have testified about their communications, the attorney's advice, and strategic considerations that impacted the med-pay claim. Plaintiff cannot now withhold documentary evidence related to these matters. Application of the privilege would deny Defendant access to the information it needs to defend against the bad faith claim. Therefore, the Court finds that an at-issue waiver of the privilege has occurred.

In the Court's view, the argument presented by the CM attorney who appeared for Plaintiff at the hearing, Marcus Mears, explains why a waiver of privilege with respect to the whole CM file should be found: there is no meaningful way to draw lines between what to disclose and what to withhold. The breadth of Mr. Cunningham's involvement in the med-pay claim and the interrelationship of issues in the personal injury and med-pay cases likely make such a task impossible. Further, even absent an at-issue waiver, the Court would find the work-product protection otherwise applicable to CM's file has been overcome under the

8

circumstances of this case. Rule 26(b)(3) permits the discovery of documents prepared in anticipation of litigation if they are discoverable under Rule 26(b)(1), and the requesting party has a substantial need for the materials to prepare its case and cannot obtain their substantial equivalent by other means. Mr. Cunningham testified concerning his conversations with and advice to Plaintiff in connection with the personal injury and med-pay claims, but he could not recall many details or specific facts. Mr. Cunningham also testified that the conversations may be reflected in his notes, which he had not reviewed. It appears the only way for Defendant to obtain factual information concerning the events involved in Mr. Cunningham's handling of the med-pay claim will come from a review of CM's records. For this additional reason, the Court finds that Defendant is entitled to the production of the entire CM file. And given the substantial questions that have arisen concerning the completeness of CM's file review, particularly with regard to electronic records, the Court will also order the deposition of CM's designated representative regarding the production that was made.

## Plaintiff's Motion to Strike or Place Filings Under Seal

Plaintiff asserts that Defendant has filed and referenced exhibits in its briefs disclosing privileged communications that were inadvertently produced by the Texas attorney who represented Plaintiff in his personal injury case, Mr. Cable. Plaintiff asks that all privileged documents produced by Mr. Cable be returned or destroyed and that the items filed in the case record be stricken or sealed.

The issue of whether Plaintiff has waived his claim of privilege with respect to documents that were inadvertently produced by Mr. Cable in August 2014 is governed by Rule 502 of the Federal Rules of Evidence, which places limitations on a waiver that might otherwise occur through "disclosure of a communication or information covered by the attorney-client privilege or work-product protection." Rule 502 "applies even if state law provides the rule of decision," as it does in this case. *See* Fed. R. Evid. 502(f). Two provisions of Rule 502 are implicated here. First, the general rule is stated in Rule 502(b):

> When made in a federal proceeding . . . , the disclosure does not operate as a waiver in a federal or state proceeding if:
>
> (1) the disclosure is inadvertent;
>
> (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
>
> (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

However, Rule 502 expressly permits this provision to be overridden in a particular case by court order or agreement of the parties. *See* Fed. R. Evid. 502(d)-(e). Upon a motion of Defendant filed early in this case, the Court issued the Protective Order dated August 29, 2014. It expressly provides for a limitation on a waiver through disclosure as follows:

> The inadvertent or unintentional failure to make a "Confidential" designation pursuant to this Order or to assert a claim of privilege or work product immunity shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent or unintentional failure to so designate. At such time, arrangements shall be made for the Designating Party to substitute properly labeled copies or, in the case of inadvertently produced privileged or

10

> work product documents, the documents shall be returned forthwith to the Party claiming privilege or work product immunity.

*See* Protective Order [Doc. No. 37], ¶ 15.

Plaintiff maintains that he discovered Mr. Cable's mistake only when some of the privileged documents appeared as attachments to Defendant's Motion for Summary Judgment, even though Defendant provided Plaintiff's counsel with a copy of the documents Mr. Cable produced in August, 2014. Accepting Plaintiff's position regarding discovery of the inadvertent production, Defendant filed its summary judgment motion on February 6, 2015. Plaintiff first sought to rectify Mr. Cable's error by invoking Rule 26(b)(5)(B) on February 25, 2015, after the 15-day deadline set by the Protective Order. Therefore, Plaintiff failed to act in a timely manner to "claw back" the documents and prevent a waiver of privilege and work product protection.

Further, "'[t]he party claiming that its disclosure was inadvertent bears the burden of proving that each of the three elements of Rule 502(b) has been met . . . [including] that it took reasonable steps to prevent disclosure in the first place.'" *See Cudd Pressure Control, Inc. v. New Hampshire Ins. Co*., 297 F.R.D. 495, 500 (W.D. Okla. 2014) (quoting *Williams v. District of Columbia*, 806 F. Supp. 2d 44, 48-49 (D.D.C. 2011)). In this case, Plaintiff has failed to carry his burden. He has provided a conclusory affidavit of Mr. Cable stating that he took reasonable steps to prevent the disclosure of privileged material when responding to the Defendant's subpoena. Mr. Cable fails to explain what those steps were, other than his review of the file before production, and gives no hint of what methodology for review and segregation of privileged documents he employed. Such conclusory statements of counsel

"are 'patently insufficient to establish that a party has discharged its duty of taking "reasonable steps" to guard against the disclosure of privileged documents.'" *See Cudd*, 297 F.R.D. at 499 (quoting *Williams*, 806 F. Supp. 2d at 49-50)).

Under these circumstances, the Court finds that Plaintiff has failed to overcome the waiver that occurred through his former attorney's production of privileged documents. Therefore, Defendant is entitled to retain and utilize the documents.

**C.     Conclusion**

For these reasons, the Court finds that both parties should be required to produce additional documents, as set forth herein, subject to the Protective Order already in place. The Court further finds pursuant to Rule 37(a)(5)(C) that each party should bear its own costs.[3]

IT IS THEREFORE ORDERED as follows:

- Plaintiff's Motion to Compel Documents from Defendant [Doc. No. 54] is GRANTED in part and DENIED in part, as set forth herein;

- The Motion to Quash Defendant's Subpoena Duces Tecum Served Upon Cunningham & Mears, P.C. [Doc. No. 76] is DENIED;

- Plaintiff's Motion to Strike and/or Place Certain Filings Under Seal [Doc. No. 80] is DENIED;

- Defendant's Motion to Compel Production of Documents and Compel Deposition of Corporate Representative [Doc. No. 81] is GRANTED.

---

[3] Although this discovery dispute involved substantial issues fully appropriate for presentation to the Court, it also presented issues that could have been resolved through reasonable, cooperative efforts. Significant time and resources have been expended by the Court at the expense of other cases on its docket. Any future dispute in this case that presents discovery issues that are not well-grounded, or should have been resolved without Court intervention, will result an award of attorney's fees and costs against the offending party or parties.

IT IS FURTHER ORDERED that the documents subject to production under this Order must be produced within 21 days from the date of this Order.

IT IS SO ORDERED this  9th  day of April, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE